# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-376V
Filed: December 17, 2025

```
* * * * * * * * * * * * *  *
KENNETH CLARK,              *
                            *
               Petitioner,  *
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
               Respondent.  *
* * * * * * * * * * * * *  *
```

*Timothy J. Mason, Esq.*, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for petitioner.
*Felicia Langel, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On April 2, 2020, Kenneth Clark ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq. ("Vaccine Act" or "the Program"). Petitioner alleged that the influenza ("flu") vaccination he received on September 29, 2018, resulted in Bell's palsy and hearing loss. Petition, ECF No. 1. An order on stipulation issued on March 4, 2025, by which petitioner and respondent agreed to settle this matter. ECF No. 71.

On September 2, 2025, petitioner filed the instant motion for attorneys' fees and costs requesting a total of $59,371.10, representing $29,055.30 in attorneys' fees and $30,315.80 in costs. Motion for Fees, ECF No. 76. Respondent filed his response on September 3, 2025, advising he was satisfied the statutory requirements for an award of fees and costs are met. Response, ECF No. 77. Petitioner did not file a reply.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

This matter is now ripe for consideration.

## I.   Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id.*

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II.   Discussion

### A.   Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id.* This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Hum. Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[2]

Petitioner requests the following hourly rates on behalf of the attorneys and paralegals who worked on his case:

| Name[3]    | 2019  | 2020  | 2021  | 2022  | 2023  | 2024  | 2025  |
|------------|-------|-------|-------|-------|-------|-------|-------|
| T.J.M.     | -     | $253  | $261  | $275  | $300  | $318  | $400  |
| S.C.C.     | $445  | $445  | $458  | -     | $540  | -     | -     |
| Paralegals | $150  | $150  | -     | -     | -     | -     | $190  |

These rates are consistent with what the attorneys and paralegals at the firm have previously been awarded. *See, e.g.*, *Guy v. Sec'y of Health & Hum. Servs.*, No. 20-684V, 2024 WL 4792867 (Fed. Cl. Oct. 15, 2024); *Alicea v. Sec'y of Health & Hum. Servs.*, No. 18-1136V, 2023 WL 9099041 (Fed. Cl. Nov. 16, 2023). I find the requested rates are reasonable.[4]

**B.    Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Hum. Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Hum. Servs.*, No. 08–756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Hum. Servs.*, No 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number

---

[2] The OSM Attorneys' Forum Hourly Rate Fee Schedules are available on the U.S. Court of Federal Claims website at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[3] Absent an explanatory key, the Court takes T.J.M. to refer to Timothy J. Mason, and S.C.C. to refer to Sylvia Chin-Caplan.

[4] While the increase in the requested rate for Mr. Mason from 2024 to 2025 is larger than is typically granted, the fee schedule recommends between $438 and $547 per hour for attorneys with 11 to 19 years of experience in practice. Indeed, the lowest recommended rate for attorneys with between 8 to 10 years in practice is $401 per hour, above the rate requested here. Because Mr. Mason's requested rate falls below the recommendations from the OSM Fee Schedule for 2025, the increase will be granted here.

that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728–29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

There are several concerning billing entries in this matter. First, there are tens of entries which claim an attorney rate for requesting and following up on obtaining petitioner's medical records. Courts have routinely held that "[p]aralegal tasks include . . . medical record requests and authorizations." *Starr v. Sec'y of Health & Hum. Servs.*, No. 14-929V, 2018 WL 2772238, at *5 (Fed. Cl. Apr. 18, 2018). *See also Valdes v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 415, 425 (2009) ("The Special Master appropriately relied on his experience with the Vaccine Program to determine that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Additionally, there are multiple entries which represent duplicative and unnecessary work. Mr. Mason claims several hours reviewing, analyzing, and personally summarizing medical records at an attorney rate. Mr. Mason also bills for editing and reviewing petitioner's expert's reports. This work is repeated in early June 2023, where he bills for a combined four hours for reviewing the medical records and the expert reports and literature. Ms. Chin-Caplan then bills an additional 4.1 hours for reviewing the expert reports and literature that same month. Later, in March 2024, Mr. Mason bills an additional four hours reviewing the expert reports and medical chronology again. He bills again in April 2024 an additional three hours of review of the expert reports and chronology in preparation for the Rule 5 conference. These review sessions are duplicative and unnecessary.

Lastly, following the Rule 5 conference, Mr. Mason billed 0.3 hours at an attorney rate for reviewing the scheduling order and "updat[ing] [his] calendar with new deadline." ECF No. 76 at 18. Updating his calendar is a secretarial task, and "[t]asks that are 'purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them.'" *Young v. Sec'y of Health & Hum. Servs.*, No. 23-1297V, 2025 WL 2409171, at *1 (Fed. Cl. Spec. Mstr. July 14, 2025) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). While reviewing the scheduling order is compensable at an attorney rate, time spent updating a scheduling calendar may not be billed at any rate.

Because these excessive billing entries are numerous and exist throughout the record, I find a 5% reduction in overall fees to be reasonable, resulting in a total fee award of $27,602.54. Counsel is cautioned that additional reductions will be taken if these billing practices persist.

**C.     Reasonable Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $30,315.80 in costs. ECF No. 76 at 21. This amount consists of acquiring medical records, the filing fee, access to medical articles, and shipping costs. *Id*. at 20-21. These costs are routinely awarded in vaccine cases and are supported by the receipts filed.

The vast bulk of the requested costs, $29,250.00, is for Dr. Tornatore's three expert reports. ECF No. 76 at 21. Dr. Tornatore billed $500 per hour in this matter, a rate which was found reasonable in the past. *See, e.g.*, *M.K.S. v. Sec'y of Health & Hum. Servs.*, No. 21-1018V, 2025 WL 2402005, at *4 (Fed. Cl. Spec. Mstr. July 9, 2025). In total, Dr. Tornatore billed for 58.5 hours for three expert reports.

As a preliminary matter, the dates provided in the billing records for Dr. Tornatore appear to be flawed. The records state that Dr. Tornatore prepared his initial report in January 2022. ECF No. 76 at 37. However, petitioner submitted Dr. Tornatore's first expert report in this matter on October 11, 2021. ECF No. 32. Additionally, the dates Dr. Tornatore claims to have drafted both his second and third reports are the same: July 20-24, 2022. ECF No. 76 at 36.

Next, it is unclear from the sparse billing records provided why Dr. Tornatore needed to spend an additional 3.5 hours while preparing for his third report on a "review of medical literature" when he cites almost the exact same few articles as he had in his first two reports. This has been noted as an issue by other special masters. *See Frantz v. Sec'y of Health & Hum. Servs.*, No. 13-158V, 2019 WL 3713942, at *20 (Fed. Cl. Spec. Mstr. June 24, 2019) ("Dr. Tornatore relied upon the same set of articles he cited previously. . . . Thus, it is not entirely clear why Dr. Tornatore spent as much time as he did in reviewing literature for his first report."). Nevertheless, like in *Frantz*, "Dr. Tornatore is extended the benefit of the doubt." *Id*.

Despite the issues raised herein, I find that, considering the totality of the circumstances, Dr. Tornatore's rate and hours spent in this matter are reasonable.

In sum, the total costs requested in this matter, $30,315.80, is awarded in full.

### III. Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees and Costs is **GRANTED in part.** Petitioner is hereby awarded a **total of $57,918.34**, representing $27,602.54 in attorneys' fees and $30,315.80 in costs, **to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The Clerk of Court is directed to enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).